No. 83-291

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

HOWARD E. FRANZ a Personal Representative
for the Estate of Juanita Franz, Deceased,

Plaintiff and Appellant,

-vs-

T. T. BEDNAREK, M.D., and ST. VINCENT'S
HOSPITAL,

Defendants and Respondents.

APPEAL FROM: District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable William J. Speare, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Charles A. Collins argued, Minneapolis, Minnesota
Frank C. Richter; Richter & Associates, Billings,
Montana (Co-counsel)

For Respondents:

Anderson, Brown Law Firm; Richard F. Cebull,
Billings, Montana (St. Vincent's)
Crowley Law Firm; Chris Mangen argued, Billings,
Montana (Bednarek)

For Amicus Curiae:

Gerald J. Neely, for Montana Medical Association,
Billings, Montana

Submitted: January 12, 1984

Decided: March 14, 1984

Filed: 1984

_____
Clerk

Mr. Justice Frank B. Morrison, Jr. delivered the Opinion of the Court.

Plaintiff (Appellant) appeals a final order entered by the Thirteenth Judicial District Court, County of Yellowstone, dismissing plaintiff's complaint. We reverse.

Appellant filed a malpractice action and included a prayer for money damages in violation of section 25-4-311, MCA. Defendant moved to dismiss. The court entered an order dismissing the complaint after the statute of limitations had run so that appellant could not refile.

The sole issue on appeal is whether the trial court abused its discretion in dismissing the complaint rather than in allowing an amendment.

Respondent contends that the statute forbidding a specific reference to money damages in the prayer of a complaint can only have meaning if the complaint is a nullity. Appellant argues that it was an abuse of discretion not to permit an amendment to the pleadings because a dismissal of the complaint, following running of the statute of limitations, would deny appellant any remedy.

Section 25-4-311, MCA, does not in any way suggest that a complaint, containing a prayer for damages, is a nullity. The statute simply precludes pleading for a specific dollar amount. No remedy for violation of the statute is provided. Dismissal of the complaint under these circumstances was an abuse of discretion on the part of the trial court. The trial court should have granted leave to either strike the dollar amount from the complaint or should have granted leave to file an amended complaint with the prayer being drafted in conformity with section 25-4-311, MCA.

We reverse and remand to the trial court with directions to reinstate the complaint and order the specific dollar amount of the prayer stricken.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

Justices

I concur in the foregoing opinion. In doing so, I do not in any way approve the specific reference to money damages in the complaint which is forbidden by statute.

_____
Justice

Mr. Justice Daniel J. Shea will file a separate concurring opinion later.

3

SPECIALLY CONCURRING OPINION
OF MR. JUSTICE DANIEL J. SHEA

No. 83-291

FRANZ v. BEDNARECK



FILED

JAN 8 - 1985

Ethel

CLERK OF

STATE OF MONTANA

Mr. Justice Daniel J. Shea, specially concurring:

I agree this case requires reversal and remand, but for a different reason, section 25-4-311, MCA, is unconstitutional on its face because it infringes on the Court's rulemaking authority under 1972 Mont. Const., Art. VII, § 2. That action provides the Supreme Court may make rules governing appellate procedure and practice and procedure for all other courts. Section 25-4-311, MCA, directly affects procedure because it deprives plaintiffs of the right to pray for damages in certain circumstances.

Daniel J. Shea
Justice